THEODORE S. MACEIKO (CA SBN 150211)*
*ted@maceikoip.com*
**MACEIKO IP**
420 2ND Street
Manhattan Beach, CA 90266
Telephone:     (310) 545-3311
Facsimile:     (310) 545-3344
*Pro hac vice* application forthcoming

JAMES T. BURTON (USB 11875)
*Jburton@kmclaw.com*
JOSHUA S. RUPP (USB 12647)
*jrupp@kmclaw.com*
**KIRTON │ McCONKIE**
36 South State Street, Suite 1900
Salt Lake City, Utah 84111
Telephone:     (801) 328-3600
Facsimile:     (801) 321-4893

*Attorneys for Plaintiffs*
*Arapahoe Motors, Inc. and Wallace Automotive Group, LLC*

---

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ARAPAHOE MOTORS, INC. D/B/A SCHOMP, RALPH SCHOMP, SCHOMP AUTOMOTIVE, SCHOMP HONDA, SCHOMP BMW AND SCHOMP MINI., a Colorado corporation; and WALLACE AUTOMOTIVE GROUP, LLC D/B/A MERCEDES-BENZ OF FARMINGTON, a Colorado limited liability company, | Civil Action No.: 2:17-cv-00185 **COMPLAINT** Judge: Jill N. Parrish **JURY TRIAL DEMANDED** |
| Plaintiffs, | |
| vs. | |
| GARFF ENTERPRISES, INC., a Utah corporation, | |
| Defendant. | |

Plaintiffs Arapahoe Motors, Inc. d/b/a Schomp, Ralph Schomp, Schomp Automotive, Schomp Honda, Schomp BMW and Schomp MINI (collectively referred to herein as "Schomp") and Wallace Automotive Group, LLC d/b/a Mercedes-Benz of Farmington (referred to herein as "MBF") (Schomp and MBF are collectively referred to herein as the "Plaintiffs" unless otherwise specified), hereby complain and allege against Defendant Garff Enterprises, Inc. ("Defendant" or "Garff") as follows:

## THE PARTIES

1.      Plaintiff Schomp is a Colorado corporation having its principal place of business at 1190 Plum Valley Lane, Highlands Ranch, CO 80129, United States.

2.      Plaintiff MBF is a Colorado limited liability company having its principal place of business at 555 N. West Bourne Circle, Farmington, Utah 84025.

3.      Upon information and belief, Defendant is a Utah corporation having its principal place of business at 405 South Main Street, Salt Lake City, UT 84111.

## JURISDICTION AND VENUE

4.      This is an action for trademark infringement, false advertising, passing off, trademark dilution and unfair competition under the Lanham Act, violations of the Utah Deceptive Trade Practices Act, violations of the Utah Unfair Competition Act, and common law trademark infringement, unfair competition and intentional interference with economic relationships.

5.      This Court has subject matter jurisdiction over this action under, *inter alia*, 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a) (trademarks), and 15 U.S.C. § 1121 (trademarks).

6.      This Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a) because those claims arise from a common nucleus of operative facts alleged in Plaintiffs' federal claims.

7. This Court has personal jurisdiction over Defendant because Defendant has a principal place of business in this district, transacts business in this district (including by offering its infringing services within this district), actions giving rise to this lawsuit have occurred in this district, and Defendant has caused damages to Plaintiffs in this district.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because there is personal jurisdiction over Defendant, and because a substantial part of Defendant's acts and omissions giving rise to Plaintiffs' claims occurred in this district.

## GENERAL ALLEGATIONS

### I. Schomp

9. Schomp is a family-owned group of motor vehicle dealerships that has been in business for more than 75 years.

10. Schomp is based in Denver, Colorado, and has sold vehicles throughout the United States, including to residents of Utah.

11. Schomp has continuously provided excellent service and dedication to customer satisfaction.

12. Schomp has had significant involvement with the communities in which its dealerships are located.

13. Schomp has also been a member of, and played a prominent role in, various automotive peer 20 Groups.

14. Schomp's efforts and accomplishments have contributed to its extraordinary reputation and goodwill in the motor vehicle dealership field.

### II. MBF

15. MBF is a Mercedes-Benz dealership.

16. MBF opened its Farmington, Utah dealership in October 2016 but advertised and promoted its dealership earlier in 2016.

17.     Since opening, MBF has provided excellent service and dedication to customer satisfaction and has been actively involved in the surrounding community.

18.     MBF's efforts and accomplishments have contributed to its extraordinary reputation and goodwill in the motor vehicle dealership field.

**III.     The ONE… Family of Marks**

19.     Lisa Schomp, owner and CEO of plaintiff Schomp, owns various registered and common law trademarks and/or service marks that include the word "one."   When taken together, these marks constitute a family of marks (hereinafter, the "ONE… Family of Marks")

20.     Schomp has exclusive rights in and to the ONE… Family of Marks, including the right to use of the ONE… Family of Marks throughout the United States, under exclusive license from the owner and registrant thereof, Lisa Schomp.

21.     MBF has the right to use and has used the ONE… Family of Marks under sublicense from Schomp.

22.     Schomp and/or MBF have continuously used the ONE… Family of Marks in connection with their motor vehicle dealerships and related services since at least as early as 1993.

23.     Since at least as early as 1993, Schomp identified and marketed itself under the ONE PRICE mark offering ONE PRICE brand dealership services in connection with its motor vehicle dealerships and related services in interstate commerce.

24.     This included Schomp's frequent radio advertisements which touted the consumer benefits of Schomp's ONE PRICE brand policy that became well known in Colorado and beyond.

25.     Since at least as early as 2004, Schomp has used the mark ONE PRICE, ONE PROMISE, ONE CUSTOMER AT A TIME. in connection with its motor vehicle dealerships and related services in interstate commerce.

26.     The United States Patent and Trademark Office ("USPTO") granted U.S. Trademark Reg. No. 4,993,465 to Lisa Schomp for the mark ONE PRICE, ONE PROMISE, ONE CUSTOMER AT A TIME.® on July 5, 2016, a copy of which is attached as **Exhibit "A"**.

27.     Since at least as early as August 2011, Schomp has used the mark ONE in connection with its motor vehicle dealerships and related services in interstate commerce.

28.     The USPTO granted U.S. Trademark Reg. No. 4,993,464 to Lisa Schomp for the mark ONE® on July 5, 2016, a copy of which is attached as **Exhibit "B"**.

29.     Since at least as early as August 2011, Schomp has used the mark ONE PRICE. ONE PERSON. ONE HOUR. in connection with its motor vehicle dealerships and related services in interstate commerce.

30.     The USPTO approved application serial number 86/853,228 for the mark ONE PRICE. ONE PERSON. ONE HOUR., the application was published in the Trademark Official Gazette on  January 10, 2016, no oppositions were filed and a federal registration is expected to be granted in due course. The official records of the USPTO concerning application serial number 86/853,228 are incorporated herein by reference.

31.     Since at least as early as August 2011, Schomp has used the design mark:



(hereinafter referred to as the "ONE design mark") in connection with its motor vehicle dealerships and related services in interstate commerce.

32.     The USPTO approved application serial number 86/853,236 for the ONE design mark, the application was published in the Trademark Official Gazette on January 10, 2016, no oppositions were filed and a federal registration is expected to be granted in due course. The

official records of the USPTO concerning application serial number 86/853,236 are incorporated herein by reference.

33.     Since at least as early as May 2011, Schomp has used the mark POWER OF ONE in connection with its motor vehicle dealerships and related services in interstate commerce.

34.     Application serial number 87/166,118 for federal registration of the mark POWER OF ONE has been filed with the USPTO. The POWER OF ONE mark has been in use since at least as early as May 2011.

35.     Since 2016, MBF has used marks in the ONE… Family of Marks in connection with advertising the opening of its Farmington, Utah location, and then in connection with the sale of motor vehicles and providing related services.

36.     Utah State trademark registrations have also been granted to Lisa Schomp for the following marks: ONE PRICE. ONE PERSON. ONE HOUR.$^{SM}$ – Utah Reg. No. 10297128-0190 (copy attached as **Exhibit "C"**); ONE PRICE, ONE PROMISE, ONE CUSTOMER AT A TIME.® – Utah Reg. No. 10297150-0190 (copy attached as **Exhibit "D"**); ONE PRICE PERSON HOUR$^{SM}$ design – Utah Reg. No. 10297170-0190 (copy attached as **Exhibit "E"**); ONE PRICE ONE PERSON ONE HOUR$^{SM}$ design with $/person/clock graphics – Utah Reg. No. 10297209-0190 (copy attached as **Exhibit "F"**).

37.     In addition to the above-described federal and Utah state trademark rights, Schomp's ONE… Family of Marks includes additional common law trademark rights in other marks including "one."  These additional marks include at least the following ONE marks:

a. 

b. 

c.

38.   Schomp's and MBF's motor vehicle dealerships and related services have been widely advertised and extensively promoted in connection with the ONE… Family of Marks, and they have become, through widespread and favorable public acceptance and recognition, assets of substantial value as symbols of Schomp, and MBF, and their exceedingly high quality customer service and their goodwill.

39.   Schomp and MBF have extensively and continuously advertised and promoted the ONE… Family of Marks to the public, through various means and modes, including but not limited to, in-person at Schomp and MBF motor vehicle dealerships, over the Internet through their own websites and social media websites, by radio, electronic and print advertising, by billboards and by other means.

40.   Schomp has invested millions of dollars over the last 20 plus years developing and promoting the brand associated with the ONE… Family of Marks.  Since 2016, MFB has invested hundreds of thousands of dollars promoting the brand associated with the ONE… Family of Marks specifically directed to the Utah market.

41.   Schomp and MBF have expended significant effort in training its personnel in the ONE PRICE. ONE PERSON. ONE HOUR. brand policy and program associated with the ONE… Family of Marks.

42.   Because of Schomp's and MBF's advertising and promotion of its motor vehicle dealerships in connection with the ONE… Family of Marks, the public has come to associate the ONE… Family of Marks with Schomp and/or MBF.

43.     As a result of Schomp's and MBF's extensive use, advertising, promotional efforts, market recognition and commercial success through its distribution channels, the ONE… Family of Marks have become famous and are recognized as distinctive symbols of the motor vehicle dealerships of Schomp and MBF.

## IV.     Garff's Infringing Conduct

44.     Garff promotes its own automobile dealership services improperly using Plaintiffs' ONE… Family of Marks, with knowledge that such use is not authorized and that such use infringes Plaintiffs' intellectual property rights therein.

45.     Specifically, on or about October 16, 2015, Garff Hyundai's General Manager, Sam Jarvie, visited Schomp to view the ONE PRICE. ONE PERSON. ONE HOUR. brand sales and service program and policy in action.

46.     After Mr. Jarvie's visit, Schomp's Director of Business Development, Michael Dunlap, received an email from Mr. Jarvie stating, in pertinent part:

> Michael,
>
> Thanks for taking your time to show us around your store today. You have a wonderful story and it was fun seeing what the Schomp group has created.
>
> Whe[n] you are in Salt Lake feel free to reach out to me if I can help in anyway.  I have a decent understanding of the market and know where a few good places to eat are.  If you have a free afternoon I would be happy to extend the same hospitality that you showed us.
>
> Sam Jarvie
> General Manager
> Ken Garff Hyundai

47.     On information and belief, Garff began promoting its own automobile dealership services improperly using the ONE… Family of Marks shortly after Mr. Jarvie's visit to Schomp.

48.     For example, Garff posted a video advertisement on YouTube.com of Mr. Jarvie touting Garff's infringing ONE Person. ONE Price. ONE Hour. sales policy.  On information and belief, around the same time, Defendant placed a banner using the infringing ONE Person. ONE Price. ONE Hour. mark on one of its buildings.

49.     The switching of the "price" and "person" components of the ONE PRICE. ONE PERSON. ONE HOUR. mark shows that Garff was aware that it was infringing and that Garff's infringement was willful.

50.     After becoming aware of Garff's conduct, Mr. Dunlap contacted Mr. Jarvie.  On information and belief, Mr. Jarvie advised that the decision to adopt the infringing marketing materials was made by his superiors in the management of Garff, but that Garff would take down the banner and discontinue the other infringing materials.  However, Schomp later became aware that, contrary to Garff's assurances via Mr. Jarvie, Garff did not cease its infringement of the ONE… Family of Marks and such infringement continues presently.

51.     In an effort to resolve the matter, Mr. Dunlap contacted the CEO of Garff's Auto Group, Brett Hopkins.  Mr. Hopkins informed Mr. Dunlap that Garff's attorney had advised that there was nothing for Garff to be concerned about and that Schomp's then-pending federal trademark applications created no legal issues.  Mr. Dunlap subsequently contacted Mr. Hopkins to address this matter, but Mr. Hopkins failed to respond to that communication.

52.     Several days after Mr. Dunlap's conversation with Mr. Hopkins, Garff filed a Utah state trademark application on April 22, 2016 for the following mark:



ONE Person. ONE Price. ONE Hour.

53.     Garff's application claimed a date of first use in Utah of October 2015, which corresponds to the date of the infringing video on YouTube.com featuring Mr. Jarvie.

9

54.     Garff's Vice President and General Counsel, Michael Creer, signed the following certification on behalf of Garff for this application:

> Under penalties of perjury, I hereby certify that I own and have the right to use the trademark or service mark applied for, that to the best of my knowledge it is neither identical to nor deceptively similar nor likely to cause confusion to any other registered trademark or service mark, and that the sample image that will be submitted to the Division is representative of the trademark or service mark.

55.     On information and belief, Mr. Creer's certification was false, fraudulent and not made in good faith, and shows a willful disregard of Plaintiffs' intellectual property rights in the ONE… Family of Marks.

56.     On March 16, 2016, Garff filed a federal service mark application, U.S. Serial No. 86/941,872 ("'872 application") for the mark GARFF ONE.

57.     The specimen alleging use supporting Garff's '872 application included the same mark supporting the above-referenced Utah application.

58.     John Garff, Garff's President, signed the declaration supporting the federal application, stating in pertinent part:

> The signatory believes that to the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive. ….

59.     On information and belief, Mr. Garff's declaration was false, fraudulent and not made in good faith, and shows a willful disregard of Plaintiffs' intellectual property rights in the ONE… Family of Marks.

60.     Garff's prosecution of the '872 application further demonstrates Garff's willful disregard of Plaintiffs' intellectual property rights in the ONE… Family of Marks.  In the first Office Action issued by the USPTO in '872 application, dated June 29, 2016, the Examining

Attorney noted a potential Section 2(d) refusal based on a likelihood of confusion with Lisa Schomp's prior-filed application to register the ONE® mark.

61.     When responding to the Office Action on October 18, 2016, Garff erroneously asserted there was a "crowded field" of "one" marks for similar and/or related services, that Lisa Schomp's ONE® mark was therefore a weak mark, and that there could be no likelihood of confusion because the consuming public was capable of distinguishing the "one" marks in this crowded field.  In support of its "crowded field" argument, Garff presented a table containing six "one" marks, including Lisa Schomp's ONE® mark (which had become registered by the time of Garff's response).  Garff also made arguments and cited authority for the position that marks in a crowded field of related services are weak.

62.     However, other than Lisa Schomp's ONE® mark, the marks in the table that Garff presented to the USPTO did not cover services similar or related to motor vehicle dealerships. Accordingly, contrary to Garff's representations to the USPTO, there was and is no "crowded field" of "one" marks for similar/related services, and the authority cited by Garff was inapplicable.

63.     On November 9, 2016, the USPTO issued a second Office Action in the '872 application, wherein, in light of Lisa Schomp's ONE®  mark having been registered, the Examining Attorney issued a Section 2(d) refusal based on a likelihood of confusion with Lisa Schomp's earlier ONE® mark.  On information and belief, Garff has not responded to the second Office Action as of the date of this filing.

64.      Schomp and MBF have also become aware of other examples of Defendant's willful trademark infringement, false advertising, passing off, unfair competition and trademark dilution.

65.    For example, the banner shown below has been displayed on the Ken Garff website at https://www.kengarff.com/garff-one.htm and the Ken Garff Hyundai website at https://www.kengarffhyundai.com/garff-one.htm:



66.    A similar banner has been displayed on the Ken Garff Fiat website at https://www.fiatusaofsaltlakecity.com/garff-one.htm:



67.    Additionally, the Ken Garff website has displayed the image below where its ONE PERSON ONE PRICE ONE HOUR mark is accompanied by the person/$/clock graphics:



68.    The YouTube video of Mr. Jarvie, discussed above, (available at https://www.youtube.com/watch?v=bH2nYEiLg84), includes the following image:



69.     Garff's Mercedes-Benz dealership has also used the below tagline that infringes the Schomp Family of ONE… Marks:



70.     Beyond the foregoing, Schomp and MBF have recently become aware that Garff is using infringing banners, signage and promotional collateral in at least its Hyundai, Fiat and Alfa Romeo stores.

71.     The foregoing marks used by Garff are referred to herein as the "Infringing Marks."

72.     Garff's use of the Infringing Marks is confusingly similar to Plaintiffs' ONE… Family of Marks.

73.     On information and belief, Garff's use of the Infringing Marks is likely to cause consumer confusion and a false association between Schomp and/or MBF and their services, on the one hand, and Garff and its services on the other hand; and Garff's use of the Infringing Marks falsely leads consumers to believe that the automobile dealership services of the parties emanate from the same source or that Schomp and/or MBF are somehow affiliated with Garff.

74.     On information and belief, such diversion has resulted in, and will continue to result in, substantial and irreparable harm to Schomp and MBF, and to consumers in this district.

13

75.     Garff's offering to the public of automobile dealership services under the Infringing Marks has been and is without permission or authority.  Indeed, despite requests by Schomp that Garff cease its infringing use of the Infringing Marks, Garff's infringing use has continued and increased.

76.     The Infringing Marks have been used by Garff and offered to the public utilizing this district as a forum for its infringing activities with knowledge that use of the Infringing Marks is not authorized.

77.     On information and belief, by using the Infringing Marks and offering automobile dealerships and related services for sale under the Infringing Marks, Garff has misrepresented and falsely described to the general public the origin and source of Garff's services so as to deceive the public and deliberately create a likelihood of confusion, cause mistake, or deceive as to the affiliation, connection, or association of Garff with Schomp and/or MBF, or as to the origin, sponsorship, or approval of Garff's commercial activities by the ultimate purchaser as to both the source and sponsorship of Garff's services.

78.     On information and belief, Garff, with full knowledge of the notoriety of the ONE… Family of Marks, intended to and did trade on the goodwill associated therewith, and has misled and will continue to confuse and mislead the public into assuming a connection between Schomp and/or MBF, on the one hand, and Garff on the other hand by Garff's offer to the public of its services under the Infringing Marks.

79.     On information and belief, Garff's use of the Infringing Marks constitutes a knowing and willful use of a false designation of origin and a false description or representation that wrongly and falsely designates Garff's services offered to the public by Garff as originating from, or connected with, Schomp and/or MBF, and constitutes utilizing false descriptions or representations in commerce.

80.     On information and belief, Garff's imitation, reproduction, and other unauthorized use of the Infringing Marks is causing and will continue to cause irreparable injury to Schomp and/or MBF, including injury to its business reputation and goodwill.

81.     On information and belief, Garff's use of the Infringing Marks has, does and is likely to permit Garff to pass off its services as those of Schomp and/or MBF, all to the detriment of Schomp and/or MBF, and to the unjust enrichment of Garff.

82.     On information and belief, Garff's use of the Infringing Mark has caused, currently causes and is likely to continue to cause, damage to Schomp and/or MBF by tarnishing the valuable reputation and image associated with Schomp and its automobile services offered in connection with the ONE… Family of Marks.

83.     On information and belief, Garff has further passed off its services utilizing the Infringing Marks in interstate commerce as being affiliated with those of Schomp and/or MBF by Garff's activities and many continuing misrepresentations to the consuming public, members of which are likely to and do believe that Garff's services offered in connection with the Infringing Marks are associated with Schomp and/or MBF.

84.     On information and belief, Garff's use of the Infringing Marks has caused, currently causes and is likely to continue to cause damage to Schomp and/or MBF, by misleading the consuming public to believe that Schomp's and/or MBF's services and/or promotional and marketing efforts in connection with the ONE… Family of Marks emanates from or is otherwise associated with Garff or its services or promotional marketing efforts.

85.     Garff's unlawful activity has resulted in and continues to result in irreparable harm and injury to Schomp and/or MBF.  Among other harms, Garff's conduct:

        a.      Deprives Schomp and/or MBF of its right to determine the manner in which its services and brand are presented to the general public;

b.      Deceives the public as to the origin and sponsorship of Garff's services offered in connection with the Infringing Marks; and

c.      Wrongfully trades upon Schomp's and/or MBF's reputation, goodwill and exclusive rights in the ONE… Family of Marks;

86.     Schomp and MBF are entitled to an injunction restraining Garff, its officers, agents, servants, employees, and attorneys, and all persons acting in concert with them, from engaging in any further acts in violation of Schomp's and MBF's rights.

87.     Schomp and MBF are further entitled to recover from Garff the damages, including treble damages, interest, attorneys' fees, and costs it has sustained and will sustain and any gains, profits, and advantages obtained by Garff as a result of Garff's acts as alleged herein. At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained.

## CAUSES OF ACTION

### COUNT I
### (Trademark Infringement Under 15 U.S.C. § 1114 – § 32 of the Lanham Act)

88.     Schomp and MBF reallege and incorporate by reference all of the foregoing paragraphs.

89.     By virtue of the licensing arrangements discussed above, Schomp and MBF possess intellectual property rights in the federally registered marks ONE® and ONE PRICE, ONE PROMISE, ONE CUSTOMER AT A TIME.®  Federal registrations for the ONE PRICE. ONE PERSON. ONE HOUR$^{SM}$ word mark and the ONE PRICE PERSON HOUR$^{SM}$ design mark are expected to be granted in due course.  By virtue of licensing arrangements, Schomp and MBF possess intellectual property rights in these forthcoming registrations.  *See* Exhibits A-B.

90.     Garff's actions as described above, including Garff's unauthorized use of the Infringing Marks to promote its services, is likely to cause confusion, mistake, or deception as to

the affiliation, connection, or association of Garff with Schomp and/or MBF, or as to the origin, sponsorship, or approval of Garff's services by Schomp and/or MBF.  Garff's conduct described herein constitutes trademark infringement of Plaintiffs' federally registered marks in the ONE… Family of Marks in violation of § 32 of the Lanham Act (15 U.S.C. § 1114).

91.     Garff's trademark infringement has caused and continues to cause damage and irreparable injury to the value and goodwill of the ONE… Family of Marks, as well as damages and irreparable injury to the business, goodwill and reputation of Schomp and MBF.  As such, Schomp and MBF are entitled to money damages.

92.     Schomp and MBF have no adequate remedy at law because damages are continuing and difficult to ascertain.  As such, Schomp and MBF are entitled to injunctive relief against Garff.

93.     Garff's continued use of the Infringing Marks is deliberate, willful and fraudulent, and constitutes a knowing infringement of the ONE… Family of Marks, making this case exceptional.

94.     Because Garff's actions were intentional, willful and/or deliberate, Schomp and MBF are entitled to an award of Garff's profits, any damages sustained and costs of this action, including treble damages under § 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

95.     Garff's use of the Infringing Marks constitutes the misuse of a counterfeit mark under 15 U.S.C. § 1116(d)(1)(b), regarding at least the federally-registered ONE® mark.  As such, Schomp and/or MBF are entitled to treble damages and/or statutory damages under 15 U.S.C. § 1117(b)-(c).

## COUNT II
### (Trademark Infringement Under 15 U.S.C. § 1125(a), § 43(a)(1)(A) of the Lanham Act)

96.     Schomp and MBF reallege and incorporate by reference all of the foregoing paragraphs.

97.     Garff's use of the Infringing Marks is the improper use in commerce of words, terms, and/or names that are likely to cause confusion, mistake, or deception as to whether Garff is affiliated, connected, or associated with Schomp and/or MBF (including the ONE… Family of Marks) and/or as to whether plaintiffs originated, sponsored or approved of Garff's services offered in connection with the Infringing Marks.  By so acting, Defendant has violated § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

98.     Garff's trademark infringement has caused and continues to cause damage and irreparable injury to the value and goodwill of the ONE… Family of Marks, as well as damages and irreparable injury to the business, goodwill and reputation of Schomp and MBF.  As such, Schomp and MBF are entitled to money damages.

99.     Schomp and MBF have no adequate remedy at law because damages are continuing and difficult to ascertain.  As such, Schomp and MBF are entitled to injunctive relief against Garff.

100.    Because Garff's actions were intentional, willful and/or deliberate, Schomp and MBF are entitled to an award of Defendant's profits, any damages sustained by Schomp, and costs of this action, including treble damages under § 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

## COUNT III
### (False Advertising Under 15 U.S.C. § 1125(a)(1)(B))

101.    Schomp and MBF reallege and incorporate by reference all of the foregoing paragraphs.

102.    Garff advertises its automobile dealership and related services in commerce by extensively utilizing the Infringing Marks in order to create the false impression of a connection and/or affiliation between Garff and Schomp and/or MBF.

103.    Such use, and any use similar to it, by Garff is materially false, misleading, confusing and/or deceptive.  Such use is meant to trade off of the goodwill associated with the ONE… Family of Marks and to create confusion among customers.

104.    Garff's use of the Infringing Marks is likely to cause confusion and/or mistake as to the origin, association, or approval of Garff's Infringing Marks and Schomp and/or MBF.

105.    Garff's false statements have caused injury to Schomp and MBF in an amount to be proven at trial.

106.    Schomp and MBF have no adequate remedy at law because damages are continuing and difficult to ascertain.  As such, Schomp and MBF are entitled to injunctive relief against Garff.

107.    The infringing activities of Garff are willful and intentional, thereby justifying an award of exemplary and/or punitive damages.

**COUNT IV**
**(Passing Off and Unfair Competition Under 15 U.S.C. § 1125(a)(1))**

108.    Schomp and MBF reallege and incorporate by reference all of the foregoing paragraphs.

109.    Schomp and MBF have protectable interests in the ONE… Family of Marks.

110.    Garff's Infringing Marks are confusingly similar to the ONE… Family of Marks.

111.    Garff's use of the Infringing Marks in commerce is likely to cause confusion among the consuming public as to the source, origin, and/or sponsorship of the Infringing Marks and Schomp and/or MBF.

112.    Garff's actions of passing off and unfair competition, as described herein, have caused injury to Schomp and MBF in an amount to be proven at trial.

113.    Schomp and MBF have no adequate remedy at law because damages are continuing and difficult to ascertain.  As such, Schomp and MBF are entitled to injunctive relief against Garff.

114.    The infringing activities of Garff are willful and intentional, thereby justifying an award of exemplary and/or punitive damages.

**COUNT V**
**(Trademark Dilution Under 15 U.S.C. § 1125(c))**

115.    Schomp and MBF reallege and incorporate by reference all of the foregoing paragraphs.

116.    By virtue of many years of successful sales and use in commerce, the ONE… Family of Marks have become famous.

117.    Garff's use of the ONE… Family of Marks within the Infringing Marks has and will continue to cause dilution of the ONE… Family of Marks.

118.    Garff's dilution of Schomp's and MBF's intellectual property rights in the ONE… Family of Marks has caused injury to Schomp and MBF in an amount to be proven at trial.

119.    Schomp and MBF have no adequate remedy at law because damages are continuing and difficult to ascertain.  As such, Schomp and MBF are entitled to injunctive relief against Garff.

120.    The infringing activities of Garff are willful and intentional, thereby justifying an award of exemplary and/or punitive damages.

**COUNT VI**
**(Utah Deceptive Trade Practice – U.C.A. § 13-11A-3)**

121.    Schomp and MBF reallege and incorporate by reference all of the foregoing paragraphs.

122.    By using the Infringing Marks, Garff has passed off its services as those of Schomp and/or MBF.

123.    Garff knowingly has made false representations as to the source, sponsorship, approval or certification of its services by its use of the Infringing Marks with knowledge of the ONE… Family of Marks.

124.    The foregoing misconduct of Garff constitutes deceptive trade practices under Utah Code Annotated § 13-11A-3.

125.    Schomp and MBF are entitled to recover damages to fairly and reasonably compensate it for Garff's conduct.

126.    Schomp and MBF are entitled to prevent, restrain and enjoin Garff from current and future uses of the ONE… Family of Marks.

127.    Schomp and MBF are entitled to an award of its attorneys' fees and its costs for being required to file and prosecute this action pursuant to Utah Code Annotated § 13-11a-4(2)(c).

128.    Schomp and MBF have no adequate remedy at law, have suffered and are continuing to suffer irreparable harm as a result of Garff's acts, and ate, therefore, entitled to preliminary and permanent injunctive relief to enjoin Garff from further misconduct.

## COUNT VII
### (Unfair Competition – U.C.A. § 13-5a-103)

129.    Schomp and MBF reallege and incorporate by reference all of the foregoing paragraphs.

130.    Garff's conduct as described herein is unlawful, unfair, and/or fraudulent.

131.    Garff's conduct as described herein has resulted in the material diminution in the value of the ONE… Family of Marks.

132.   Garff's conduct as described herein infringes upon the rights of Schomp and/or MBF in the ONE… Family of Marks.

133.   The infringing activities of Garff are willful and intentional, thereby justifying an award of exemplary and/or punitive damages.

## COUNT VIII
### (Unjust Enrichment)

134.   Schomp and MBF reallege and incorporate by reference all of the foregoing paragraphs.

135.   Garff has benefited from the improper, unfair and unauthorized use of Plaintiffs' exclusive trademark rights and goodwill associated with the ONE… Family of Marks, as set forth above.

136.   Garff has knowledge and fully appreciates the benefits it has received from Schomp and MBF as a result of such actions.

137.   Garff would be unjustly enriched if it were permitted to retain the proceeds obtained from such actions.

138.   Equity and good conscience dictate that Garff be required to account for and turn over to Schomp and/or MBF an amount equal to the value of the benefits conferred upon it.

## COUNT IX
### (Common Law Trademark Infringement)

139.   Schomp and MBF reallege and incorporate by reference all of the foregoing paragraphs.

140.   The ONE… Family of Marks are distinctive and/or have acquired secondary meaning.

141.   Garff's actions, as alleged above, infringe the common law trademark rights under federal common law and Utah common law, and constitute acts of unfair competition.

142.     By reason of the foregoing, Schomp and MBF are entitled to injunctive relief and monetary damages against Garff.

143.     The infringing activities of Garff are willful and intentional, thereby justifying an award of exemplary and/or punitive damages.

## COUNT X
### (Intentional Interference with Economic Relations)

144.     Schomp and MBF reallege and incorporate by reference all of the foregoing paragraphs.

145.     Garff's actions as described herein were committed intentionally to interfere with Schomp's and/or MBF's existing and/or prospective economic relations.

146.     Garff has intentionally interfered with Schomp's and/or MBF's existing and/or potential economic relations through improper and unlawful means, including, *inter alia*, by intentionally infringing upon and diluting the ONE… Family of Marks.

147.     Garff's intentional interference with Schomp's and/or MBF's existing and/or prospective economic relations has caused injury to Schomp and/or MBF in an amount to be proven at trial.

148.     By reason of the foregoing, Schomp and MBF are entitled to injunctive relief and monetary damages against Garff.

149.     The infringing activities of Garff are willful and intentional, thereby justifying an award of exemplary and/or punitive damages.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Schomp and MBF demand judgment against Garff as follows:

A.      Preliminarily and permanently enjoining Garff, and all other persons participating or acting in concert with it, from infringing any of the marks in the ONE… Family of Marks;

B.      Preliminarily and permanently enjoining Garff, and all other persons participating or acting in concert with it, from using any marks similar to any mark in the ONE… Family of Marks that are likely to cause confusion or mistake as to whether Garff is authorized by or affiliated with Schomp and/or MBF, and as to whether Garff's services utilizing the Infringing Marks have been authorized or sponsored by Schomp and/or MBF;

C.      Preliminarily and permanently enjoining Garff, and all other persons participating or acting in concert with it, from falsely advertising in any manner that causes confusion as to the origin, source or approval between Schomp and/or MBF and Garff's Infringing Marks;

D.      Preliminarily and permanently enjoining Garff, and all other persons participating or acting in concert with it, from falsely advertising the Infringing Marks in a manner that is likely to cause confusion or mistake as to whether Garff is authorized by or affiliated with Schomp and/or MBF and as to whether Garff's Infringing Marks have been authorized or sponsored by Schomp and/or MBF;

E.      Preliminarily and permanently enjoining Garff, and all other persons participating or acting in concert with it, from engaging in unfair competition, either under federal law or U.C.A. § 13-5a-103;

F.      Preliminarily and permanently enjoining Garff, and all other persons acting in concert with it, from making a false representation as to the source, sponsorship, approval, or certification of goods utilizing the Infringing Marks;

G.      Preliminarily and permanently enjoining Garff, and all other persons acting in concert with it, from making a false representation as to affiliation, connection, association with, or certification by another, of goods or services utilizing the Infringing Marks;

H.      Preliminarily and permanently enjoining Garff, and all other persons acting in concert with it, from diluting the ONE… Family of Marks;

I.      An order of the Court directing Garff to deliver up to Schomp and/or MBF all literature, advertisements, business forms, signs, and any other representations, regardless of form, which are in, or come to be in, Garff's possession, custody, or control and which bear the Infringing Marks or any confusingly similar variant, and an order from the Court compelling Garff to notify its customers, agents, and representatives that the Infringing Marks or any confusingly similar variant is not connected with Schomp and/or MBF;

J.      An order from the Court directing Garff to provide an accounting of all revenues and profits gained by Garff while engaging in the acts complained of in this Complaint;

K.      Awarding Schomp and/or MBF its actual damages, and awarding Schomp and/or MBF any additional damages that the Court deems just and equitable under the circumstances of the case;

L.      Awarding Schomp and/or MBF treble damages in accordance with § 35 of the Lanham Act (15 U.S.C. § 1117) on the claim asserted under § 43(a) of the Lanham Act (15 U.S.C. § 1125(a));

M.      Awarding Schomp and/or MBF treble damages and/or statutory damages under 15 U.S.C. § 1117(b)-(c) for Garff's use of a counterfeit mark.

N.      Establishment of a constructive trust consisting of profits from or obtained by Garff's wrongful acts, to be held for the benefit of Schomp and/or MBF;

O.      Awarding Schomp and/or MBF damages to which it is entitled based upon Garff's unjust enrichment;

P.      Awarding Schomp and/or MBF prejudgment interest at the rate established under 26 U.S.C. § 6621(a)(2) from the date of service of this Complaint through the date of judgment;

Q.      Awarding Schomp and/or MBF its allowable costs and attorneys' fees pursuant to, *inter alia*, 15 U.S.C. § 1117 and Utah Code Annotated § 13-11A-4(2)(c);

R.      An award of punitive damages pursuant to UCA 78-18-1;

S.      An Order from the Court directing Garff to remove Utah state registration No. 9781300-0190 from the Utah Trademark Registry; and

T.      Awarding Plaintiffs such other and/or further relief as is just and equitable.

DATED this 14th day of March, 2017.

Respectfully submitted,

By:/s/Joshua S. Rupp

**MACEIKO IP**
Theodore S. Maceiko

**KIRTON│McCONKIE**
James T. Burton
Joshua S. Rupp

*Attorneys for Plaintiffs*
*Arapahoe Motors, Inc. and Wallace Automotive*
*Group, LLC*